**Carolynn Anne STANLEY, Plaintiff,**

v.

**BERTRAM–TROJAN, INC., d/b/a
Bertram Yacht Corp.,
Defendant.**

**BERTRAM–TROJAN, INC., d/b/a
Bertram Yacht Corp., Defendant
and Third–Party Plaintiff,**

v.

**Chris BLACKWELL, Third–
Party Defendant.**

**No. 89 Civ. 8160 (MBM).**

United States District Court,
S.D. New York.

June 22, 1994.

Michael J. Pangia, Gilman, Pangia & Balsamo, Washington, DC, for plaintiff.

James McMahon, Bigham, Englar, Jones & Houston, New York City, for defendant and third-party plaintiff.

## OPINION AND ORDER

MUKASEY, District Judge.

■ This is a diversity-jurisdiction negligence case in which plaintiff was injured while aboard a recreational vessel whose hatch, she claims, was negligently designed, with the result that it lacerated her leg when she fell through it. Defendant Bertram–Trojan has moved for summary judgment barring plaintiff's claim of negligent design on the ground that it is preempted by the Federal Boat Safety Act, as amended, 46 U.S.C. § 4301 *et seq.*, and the regulations thereunder. For the reasons summarized below, that motion is denied.

The statute empowers the Secretary of Transportation, as the head of the department in which the Coast Guard operates, 46

U.S.C. § 2101(34), to prescribe minimum safety regulations for recreational vessels. 46 U.S.C. § 4302. The statute also contains the following preemption section:

Unless permitted by the Secretary under section 4305 of this title, a State or political subdivision of a State may not establish, continue in effect, or enforce a law or regulation establishing a recreational vessel or associated equipment performance or other safety standard or imposing a requirement for associated equipment (except insofar as the State or political subdivision may, in the absence of the Secretary's disapproval, regulate the carrying or use of marine safety articles to meet uniquely hazardous conditions or circumstances within the State) that is not identical to a regulation prescribed under section 4302 of this title.

46 U.S.C. § 4306. Defendant does not argue that the statute, or any regulation under it, prescribes different standards for hatches from the ones plaintiff would impose through application of a general negligence rule, or indeed any standards at all for hatches. Rather, defendant argues that the statute prescribes all that is to be prescribed by way of safety standards for recreational boats, and that if the statute is silent as to a particular structure or feature of a boat, that means no liability may be imposed based on state law for negligent design of that feature or structure.

Defendant bases its argument on a series of cases in which common law negligence claims arising from the absence of propeller guards on recreational vessels were dismissed based on the quoted preemption section. The critical difference between those cases and this is that propeller guards specifically were considered by the Coast Guard as a subject of regulation and were found not feasible because they may increase danger rather than reduce it. *See, e.g., Mowery v. Mercury Marine Div. of Brunswick Corp.,* 773 F.Supp. 1012, 1014–16 (N.D.Ohio 1991). There is no evidence here that the Coast Guard ever considered adopting regulations concerning safety standards for hatches. Absent such a history, the language of the statute does not permit the conclusion that negligence rules may not be applied as to a feature or structure that is not the subject of any federal regulation. At most, the statute would bar application of a rule or regulation that was "not identical to a regulation prescribed" by the Secretary when the Secretary has prescribed or at least considered and rejected a regulation. The statute does not say that no regulation may be prescribed even in the absence of regulation or decision by the Secretary not to regulate, and such a provision would have been easy to fashion had Congress so intended. Rather, it remains the rule that courts should not infer Congressional intent to supersede state law absent a clear manifestation of that intent. *See Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 255, 104 S.Ct. 615, 625, 78 L.Ed.2d 443 (1984); *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). There is no such manifestation here. Accordingly, defendant's motion is denied.

SO ORDERED.